**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 2:17-cr-00009** |
| | ) | **Judge Trauger** |
| **FREDY GERARDO BONILLA-CRUZ** | ) | |
| **SODY MARIELA FUENTES-PUERTO** | ) | |

## MEMORANDUM AND ORDER

Before the court is defendant Fredy Gerardo Bonilla-Cruz's Motion to Dismiss Indictment (Doc. No. 53), on the basis that he was indicted more than thirty days after his arrest, in violation of the Speedy Trial Act ("STA" or "Act"). The United States filed a Response in opposition to the motion. (Doc. No. 62.) For the reasons set forth herein, the court will deny the motion, finding no STA violation.

## I.    Background

At 8:30 on the morning of August 3, 2017, the Tennessee Highway Patrol ("THP") pulled over a 2005 Toyota Sequoia with a Texas tag in Putnam County, Tennessee, for following the vehicle in front of it at an unsafe distance. The driver of the vehicle was identified as Fredy Gerardo Bonilla-Cruz (the "defendant" or "Bonilla"). The THP suspected that Bonilla and all four passengers in the vehicle were illegal aliens. Homeland Security Investigations agents arrived on the scene and identified everyone in the vehicle as being in the United States illegally. Bonilla and his co-defendant, Sody Mariela Fuentes-Puerto ("Fuentes"), one of the passengers in the vehicle, were taken into custody by officers with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at that time.

A Criminal Complaint was filed on August 31, 2017, alleging that Bonilla and Fuentes

had violated 8 U.S.C. § 1324(a)(1)(A)(ii) by knowingly transporting illegal aliens within the United States. (Doc. No. 3.) Arrest warrants for Bonilla and Fuentes were issued the same day. (Doc. Nos. 4, 5.) Bonilla was arrested pursuant to the August 31 warrant in Nashville on September 7, 2017. (Doc. No. 7.)

Fuentes was arrested and detained on September 5, 2017 in Alexandria, Louisiana. (Doc. No. 6.) On the same date, United States Magistrate Judge Joseph H. L. Perez-Montes of the Western District of Louisiana committed Fuentes to the custody of the United States Marshal for transportation to this district. *United States v. Fuentes-Puerto*, No. 1:17-MJ-00099-01 (W.D. La. Sept. 5, 2017) (Doc. No. 6, Commitment to Another District).

Fuentes was not promptly transported. On September 18, 2017, Magistrate Judge Perez-Montes issued a Memorandum Order, noting the "strained resources of the local Marshal's service" and the fact that Fuentes had been transported from Tennessee to Louisiana by ICE for housing following her initial arrest in Tennessee following the traffic stop. *United States v. Fuentes-Puerto*, No. 1:17-MJ-00099-01 (W.D. La. Sept. 18, 2017) (Doc. No. 7, Mem. Order). In light of those considerations, the magistrate judge ordered that Fuentes be remanded to the custody of ICE for transportation to the Middle District of Tennessee. *Id.*

Ten days later, on September 28, 2017, Fuentes was re-arrested in the Middle District of Tennessee pursuant to the August 31 warrant. (Doc. No. 23.) She made her initial appearance in this court on the same day. (Doc. No. 24.) On October 19, 2017, both defendants were jointly indicted in the Middle District of Tennessee on the charge of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (Doc. Nos. 32 (Indictment) & 33 (Sealed Indictment).)

Other dates in the progress of this case are also relevant. On September 7, 2017, the same day that Bonilla was arrested on the current charges, the government filed a Motion for

Detention of Bonilla. (Doc. No. 8.) After the hearing was postponed several times, Bonilla filed a Notice of Waiver of Detention and Preliminary Hearings (Doc. No. 20) on September 20, and the court entered an Order cancelling the hearing and granting the government's Motion for Detention on the same day. (Doc. No. 21.)

On September 28, 2017, the government filed, and the court granted, a Motion for Detention pertaining to Fuentes. (Doc. Nos. 22, 27.)

## II.    Discussion

Citing 18 U.S.C. § 3161(b), Bonilla moves to dismiss the Indictment against him on the basis that it was issued more than thirty days after his September 7, 2017 arrest. The government argues that dismissal is not required, because the "the periods of delay resulting from Defendant Fuentes-Puerto's removal and transportation from Louisiana to Tennessee should be [excluded from] the computation of the thirty-day indictment period for Defendant Bonilla-Cruz." (Doc. No. 62, at 3.) The government argues, essentially, that the entire time period between Fuentes' arrest in Louisiana on September 5, 2017 and her initial appearance in Tennessee on September 28, 2017 should be excluded from the STA computation.

### A.    The Speedy Trial Act

The STA requires that a defendant be indicted within thirty days from the date on which he is arrested or served with a summons in connection with the charges in the indictment. 18 U.S.C. § 3161(b). The Act also provides a list of pretrial delays that are excludable from the thirty-day period. *Id.* § 3161(h)(1)–(9). If a defendant is not indicted within that thirty days, as extended by the periods excludable under § 3161(h), the indictment "shall be dismissed," either with or without prejudice. 18 U.S.C. § 3162(a)(1). That is, "the Act requires the district court to dismiss the case on the defendant's motion," if the government exceeds the limit of non-

excludable days. *United States v. Myers*, 666 F.3d 402, 404 (6th Cir. 2012).

The enumerated periods of delay that "shall be excluded" include, as potentially relevant here, any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); "delay resulting from any proceeding relating to the . . . removal of any defendant from another district under the Federal Rules of Criminal Procedure," *id.* § 3161(h)(1)(E); and "delay resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," *id.* § 3161(h)(1)(F).

**B.     STA Computation**

As set forth above, Bonilla was arrested on September 7, 2017, and the Indictment was issued forty-two days later, on October 19, 2017. Relying principally on *United States v. Edgecomb*, 910 F.2d 1309 (6th Cir. 1990), the government argues that the entire time between Fuentes' arrest in Louisiana on September 5, 2017 and her initial appearance in Tennessee on September 28, 2017 should be excluded from the Speedy Trial Act computation, based on § 3161(h)(1)(E).

The court finds it unnecessary to consider the government's arguments, in particular because the cases upon which it relies are inapplicable, and because the government completely ignores the import of the presumption set forth in § 3161(h)(1)(F), that any time in excess of ten days in transporting a defendant is deemed unreasonable. It is apparent from the record that the transportation of Fuentes back to Tennessee took well over ten days, and the government makes no effort to argue that the time in excess of ten days was reasonable.

Regardless, even without the application of subsection (E) or (F), it is clear that there was no STA violation. Under § 3161(h)(1)(D), the time between the filing of "any pretrial motion" and its resolution is excludable. *United States v. Tinklenberg*, 563 U.S. 647, 650, 660 (2011); *see also Henderson v. United States*, 476 U.S. 321, 330 (1986) (holding that, for motions that require hearings, excludable pretrial-motion delay encompasses "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary" (internal quotation marks omitted)). Thus, in this case, the running of the speedy trial clock was tolled from September 7 through September 20, 2017, while the government's Motion for Detention as to Bonilla was pending, a period of fourteen days.[1] The clock was tolled again on September 28, as a result of the filing of the government's Motion for Detention pertaining to Fuentes and the court's granting of that motion on the same day. *Accord United States v. Hughes*, 840 F.3d 1368, 1378– (11th Cir. 2016) (excluding from STA computation all the time from the filing of an oral motion for detention through its resolution, despite continuances in holding the hearing on the motion); *United States v. Gonzales-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (excluding from STA computation for filing indictment four days from the filing of a motion for detention and its resolution). When those fifteen days are excluded, the Indictment was issued on the twenty-eighth non-excluded day following Bonilla's arrest, within the thirty days permitted by § 3161(b). Dismissal under § 3162(a)(1) is not warranted.

---

[1] "[T]he plain language of the statute mandates excluding the days on which motions are filed and resolved." *United States v. Tinklenberg*, 579 F.3d 589, 594–95 (6th Cir. 2009), *aff'd on other grounds*, 563 U.S. 647 (2011).

The Motion to Dismiss Indictment (Doc. No. 53) is **DENIED**.

It is so **ORDERED**.

ENTER this 1st day of March 2018.

_____
ALETA A. TRAUGER
United States District Judge